## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

**LIDIO W. CALZADILLA (#102417)**                    **CIVIL ACTION NO.**

**VERSUS**                                                                   **19-415-JWD-SDJ**

**JAMES LeBLANC, ET AL.**

### RULING

On or about June 25, 2019, the *pro se* Plaintiff, a person then confined at the Dixon Correctional Institute, Jackson, Louisiana, filed this proceeding pursuant to 42 U.S.C. § 1983.[1] On February 19, 2020, this case was reassigned from Magistrate Judge Erin Wilder-Doomes to Magistrate Judge Scott D. Johnson.[2]

A review of the record reflects that the Order reassigning this case was returned as undeliverable on March 26, 2020.[3] The returned mail bore notations of "RETURN TO SENDER" and "NOT HERE."[4]

Pursuant to Local Rule 41(b)(4) of the Court, the failure of a *pro se* litigant to keep the Court apprised of a change of address may constitute a cause for dismissal for failure to prosecute when a notice has been returned to a party or the Court for the reason of an incorrect address and no correction is made to the address for a period of thirty (30) days. As a practical matter, the case cannot proceed without an address where the plaintiff may be reached and where he may receive pertinent pleadings, notices or rulings. Accordingly,

---

[1] R. Doc. 1.
[2] R. Doc. 5.
[3] R. Doc. 6.
[4] R. Doc. 6.

**IT IS ORDERED** that the claims of Plaintiff be and are hereby **DISMISSED, WITHOUT PREJUDICE**, for failure of Plaintiff to prosecute this proceeding and for failure to keep the Court apprised of a current address.

**IT IS FURTHER ORDERED** that, on motion of Plaintiff, filed within thirty (30) days, and upon a showing of good cause the Court may consider reinstatement of Plaintiff's claims on the Court's Docket.  Judgment shall be entered accordingly.

Signed in Baton Rouge, Louisiana, on May 4, 2020.

_____
**JUDGE JOHN W. deGRAVELLES**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**